UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 09-4614 |
| CANNON COCHRAN MANAGEMENT SERVICES, INC., D/B/A CCMSI, ET AL | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court are several motions, including a motion to remand and a motion for partial dismissal. *See* Rec. Doc. Nos. 3, 6, 11, 17, and 19. The Court rules on these motions as stated herein.

## BACKGROUND

Plaintiff, Dwayne Alexander, asserts claims against Defendants arising out of Plaintiff's alleged employment from 2006 through March 2009 by Defendant Cannon Cochran Management Services, Inc. ("CCMSI"). At all relevant times, CCMSI served as a third-party administrator for the City of New Orleans' ("City") workers' compensation claims. CCMSI, in turn, engaged Plaintiff to provide investigative services in connection with its assessment of these claims. In March 2009, however, CCMSI terminated Plaintiff's services. CCMSI contends that Plaintiff was terminated because it learned that Plaintiff had no private investigator's license and was the subject of a cease and desist order by the Louisiana State Board of Private Investigator Examiners. CCMSI also asserts that the City, based on this information, directed termination of Plaintiff's

services. Plaintiff, however, maintains that CCMSI already knew that he was unlicensed, and that he actually was unlawfully terminated because he had discovered, and then threatened to reveal, CCMSI's alleged fraudulent over billing of the City.

In this action, Plaintiff has brought federal and state law claims. Specifically, Plaintiff asserts wage and retaliation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Under Louisiana law, he asserts claims of detrimental reliance, unjust enrichment, a whistle blower claim pursuant to La. R.S. 23:967, and for unpaid wages under the Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.* Presently before the Court are Plaintiff's request that the action be remanded to state court and Defendants' request that Plaintiff's detrimental reliance and unjust enrichment claims be dismissed. Among other things, the parties dispute: (1) Plaintiff's status as employee, rather than independent contractor, while providing investigative services to CCMSI; and (2) whether Defendants ever told Plaintiff that he was not required to have a private investigator's license and/or suggested that he not renew his license.

## LAW AND ANALYSIS

**I.** **Motion to Remand**

Given the nature of the motion, the Court first addresses Plaintiff's motion to remand (Rec. Doc. 6). Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In seeking remand, Plaintiff does not argue that the Court does not have subject matter jurisdiction over his FLSA claims. Rather, he contends that, pursuant to 28 U.S.C. §1441(c), this Court can and should remand the entirety of this case, including the FLSA claims. The Court disagrees.

As argued by Defendants, the Court is without authority to remand the FLSA claims. *See Poche v. Texas Air Corps., Inc.*, 549 F.3d 999, 1001-05 (5th Cir. 2008) (§1441(c) does not permit remand of federal claims conferring removal jurisdiction). Further, even if Plaintiff's state law claims are "separate and independent" from his federal law claims, which the Court does not decide, the Court does not find remand of the state-law claims to be appropriate here. To the contrary, both Plaintiff's federal and state-law claims include similar, or at least related, claims for unpaid wages, retaliation, and unlawful termination. Under these circumstances, the Court, in its discretion, finds that judicial economy would be served by having all of Plaintiffs' claims addressed in one forum. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 6) is **DENIED**, and that Plaintiff's motion to continue the motion to remand (Rec. Doc. 11) is **MOOT**.

## II.    Motion to Dismiss

The Court turns next to Defendants' motion seeking dismissal, under Federal Rule of Civil Procedure 12(b)(6), of Plaintiff's detrimental reliance and unjust enrichment claims. *See* Rec. Doc. 3). As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08)(Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action

3

will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929 (2007) (internal citations and quotations omitted); *see also Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) *(quoting Twombly,* 550 U.S. at 570)).[1] If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted)

Here, Plaintiff's opposition (Rec. Doc. 16) to Defendants' motion to dismiss offers little to no substantive response to the motion. Rather, it primarily re-urges the arguments made in support of remand and asks that resolution of the dismissal motion be delayed until the remand motion is decided. After filing this initial opposition memorandum, however, Plaintiff followed with a motion requesting a status conference (Rec. Doc. 17). In that motion, Plaintiff contends that defense counsel, Marc Carver, had personal knowledge of Plaintiff's relinquishment of his investigator's license, and that this knowledge is probative of Defendants' alleged unawareness, until 2009, that Plaintiff had surrendered his license upon beginning work for CCMSI.

Having considered Defendants' motion, the Court agrees that Plaintiff's complaint, at least in its present state, does not set forth legally viable detrimental reliance and unjust

---

[1] The Third Circuit Court of Appeals has described *Twombly* as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"*Robbins v. Oklahom*a, 519 F.3d 1242, 1247 (10th Cir. 2008).

enrichment claims. In terms of detrimental reliance, Plaintiff's allegations do not demonstrate the reasonableness of his reliance on Defendants' purported promise of continued employment. Significantly, Plaintiff does not allege that he and Defendants had entered into an agreement obligating Defendants to utilize his services for a specific term, or explain why, in the absence of such an agreement, his reliance on continued at-will employment nevertheless was reasonable under Louisiana law. *See, e.g., Chauvin v. Radioshack Corp.,* Civil Action No. 08-4255, 2009 WL 981708, * 2 n.10 (E.D. La. 4/9/09)(Africk, J.)(Louisiana cases have found it unreasonable for at-will employees, terminated after working a short time, to have relied on the at-will employment), *aff'd,* 332 Fed. Appx. 994, 2009 WL 3231089 (5th Cir. 2009)(unpub.); *May v. Harris Mgmt. Corp.,* 928 So.3d 140 (La. Ct. App. 1st Cir. 2005)(same).

With respect to unjust enrichment, Plaintiff's complaint sufficiently asserts that the *City* was unjustifiably impoverished by Defendants' alleged over billing. It is not evident to the Court, however, that *Plaintiff* can legally make the same assertion. Indeed, Paragraphs 13 and 14 of Plaintiff's complaint suggest that, in 2008 alone, Plaintiff earned approximately $280,000 while working at a rate of $50/hour plus expenses. Furthermore, as the claim is pled, it seems that Plaintiff essentially is contending that he should have received more of Defendants' alleged ill-gotten gains than he actually did. If that is not Plaintiff's intended assertion, curative work of his complaint is necessary.

On the other hand, if that is Plaintiff's intended assertion, he cannot expect the Court to simply assume the legal validity of his claim. Rather, Federal Rule of Civil Procedure 8 requires a statement of claim demonstrating an entitlement to relief. *See* Fed. R. Civ. P. 8(a). And certainly, once presented with a motion to dismiss under Rule 12(b)(6), a plaintiff cannot expect the Court to scour the jurisprudence to determine whether his scanty factual allegations yield a legal remedy,

while he offers no support for his position. To the contrary, though the Court is charged with determining matters of law, the parties are charged with adequately briefing these issues, which includes citation of supporting legal authority. *See, e.g.,* Local Rules 7.4 and 7.5E.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's unjust enrichment and detrimental reliance claims (Rec. Doc. 3) is **GRANTED**. This ruling is **WITHOUT PREJUDICE**, however, to Plaintiff's right to file, if he desires to pursue these claims in this action, an amending <u>and</u> superseding complaint on or before Friday, April 9, 2010. The amending and superseding complaint must include all of the allegations from the original version of the complaint on which Plaintiff continues to rely, as well as Plaintiff's additional allegations. And if Defendants thereafter file a second motion to dismiss, Plaintiff must submit an opposition memorandum setting forth the legal authorities authorizing the relief sought by him.

### III. <u>Motions Regarding Status Conference</u>

As previously stated, Plaintiff, after submitting a response to Defendants' motion for partial dismissal, filed a motion requesting a status conference (Rec. Doc. 17) to discuss defense counsel's alleged prior, personal knowledge of Plaintiff's relinquishment of his investigator's license. Defendants dispute Plaintiff's assertion and are agreeable to having a status conference with the Court to discuss the matter. *See* Rec. Doc. 18. Plaintiff also has filed a motion seeking leave to attach certain exhibits to the motion requesting a status conference. *See* Rec. Doc. 19. In response, Defendants aver that the exhibits can be presented to the Court for consideration at the status conference.

To the extent stated herein, **IT IS ORDERED** that the motion requesting a status conference (Rec. Doc. 17) is **GRANTED** and the motion to attach exhibits (Rec. Doc. 19) is

**DENIED**. Specifically, the Court will schedule a status conference upon Plaintiff's submission to the undersigned in chambers (by hand or by United States mail) of a statement of Plaintiff's position regarding Mr. Carver's alleged prior, personal knowledge of Plaintiff's relinquishment of his investigator's license. The statement should be no longer than five (5) pages in length, double-spaced, and should reflect the particular remedy that Plaintiff seeks from this Court. All documentation that Plaintiff wants the Court to consider in connection with the issue should be attached to his statement, but not made part of the record, unless and until ordered by the Court. A copy of this submission is to be provided to Defendants at the same time and in the same manner as provided to the Court.

Upon receiving the Plaintiff's submission, Defendants shall provide a response thereto within five (5) business days. The response and any supporting documentation shall comply with the same instructions given regarding Plaintiff's submission.

## **CONCLUSION**

For foregoing reasons, the Court finds that 28 U.S.C. §1441 provides subject matter jurisdiction in this action and that all of Plaintiff's claims are best addressed in a single forum. Accordingly, **IT IS ORDERED** that Plaintiff's motion to remand (Rec. Doc. 6) is **DENIED**, and that Plaintiff's motion to continue the motion to remand (Rec. Doc. 11) is **MOOT**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's unjust enrichment and detrimental reliance claims (Rec. Doc. 3) is **GRANTED**. This ruling is **WITHOUT PREJUDICE**, however, to Plaintiff's right to file an amending and superseding complaint in accordance with the instructions set forth herein. The Court will then undertake scheduling the requested status conference.

**IT IS FINALLY ORDERED** that, to the extent stated herein, **IT IS ORDERED**

that the motion requesting a status conference (Rec. Doc. 17) is **GRANTED**, and that the motion to attach exhibits (Rec. Doc. 19) is **DENIED**.

New Orleans, Louisiana, this 25th day of March 2010.

_____
**Kurt D. Engelhardt**
**United States District Judge**