UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4614-KDE-SS** |
| **CANON COCHRAN MANAGEMENT SERVICES, INC., d/b/a CCMSI, et al** | |

**ORDER**

PLAINTIFF'S MOTION FOR SANCTIONS (Rec. doc. 59)

    **DENIED**

CCMSI'S MOTION FOR RECONSIDERATION (Rec. doc. 60)

    **GRANTED IN PART AND DENIED IN PART**

CCMSI'S MOTION TO STRIKE (Rec. doc. 74)

    **DENIED**

The plaintiff, Dwayne Alexander, seeks an order finding Busch & Meyers, LLP, Angella Myers and Mark Carver in contempt of the October 25, 2010 discovery order (Rec. doc. 57). The defendant, Cannon Cochran Management Services, Inc. ("CCMSI"), seeks reconsideration of the order. Jerry Armatis, Carl Ayestas, Kevin Pierre and Karen Thurman join in CCMSI's motion. CCMSI is represented by Angela Myers and Mark Carver.

**BACKGROUND**

A.    **Procedural Background**.

Alexander filed suit in state court including a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201. The defendants were Armatis, Ayestas, Shelton Brechtel (erroneously

identified as Thomas Brechtel) and CCMSI. The action was removed to federal court. Rec. doc. 1. Alexander's motion to remand was denied. Rec. doc. 22 at 3.

CCMSI's motion to dismiss was granted as to Alexander's claims for unjust enrichment and detrimental reliance without prejudice to his right to file an amended and superseding complaint. Rec. doc. 22 at 6. He filed a superseding complaint which seeks relief against CCMSI only. Rec. doc. 23 at 1-2 and 9. There is no mention of Armatis, Ayestas and Brechtel.[1]

CCMSI filed an answer and a motion to dismiss the individual defendants with prejudice and remove them from the caption. Rec. docs. 24 and 25. It filed motions for sanctions for alleged witness tampering and to quash the deposition of Mark Carver. Rec. docs. 31 and 32. All of these motions are pending before the District Judge. A scheduling order has not been entered.

**B**.     **Disqualification Issue**.

The District Judge granted Alexander's motion for a status conference "to discuss defense counsel's alleged prior personal knowledge of Plaintiff's relinquishment of his investigator's license." Rec. doc. 22 at 6. The record does not reflect that the Court conducted the status conference.

In Worldwide Detective Agency, Inc. v. Cannon Cochran Management Services, Inc. and Jerry Armatis, 10-1563-KDE-SS, the plaintiff moved to disqualify Angella Myers and Mark Carver as counsel for the defendants. See CA 10-1563 - Rec. doc. 11. This motion is pending. The October 25, 2010 discovery order refused to delay discovery while the disqualification issue was pending. Rec. doc. 57 at 2. Alexander's motion to consolidate Civil Action 10-1563 with the instant action is pending.

---

[1] The Clerk continues to show Armatis, Ayestas and Brechtel as defendants.

C. **Discovery from Alexander**.

In the first discovery motion, Alexander sought to prevent CCMSI from obtaining his: (1) medical records; (2) Yellow Page advertising; (3) tax records; and (4) records on the status of World Wide Detective Agency, Inc. Rec. docs. 36, 42 and 46.

Alexander alleges he was entitled to overtime wages from 2006 to March 2009. Rec. doc. 23 at 5. His motion was denied as to medical records for January 1, 2006 through March 31, 2009, the Yellow Page advertising records, the status of World Wide Detective Agency and the tax returns for 2006 through 2009. The records were to be produced subject to a protective order which limited their use to this action. See October 6, 2010 discovery order (Rec. doc. 51). On October 14, 2010, a confidentiality order was entered. Rec. doc. 56.

On October 25, 2010 a further discovery order was issued. (Rec. doc. 57). Alexander was ordered to comply fully with the October 6, 2010 order and appear for his deposition after CCMSI and others produced records. He reports that he produced his tax records for the years 2005-2009. CCMSI reports that he was deposed on November 1, 2010. The deposition was set to resume on November 2, 2010. When CCMSI learned that Alexander had filed a motion for sanctions, it postponed the continuation of the deposition. Rec. doc. 64 at 7.

D. **Discovery from CCMSI, Jerry Armatis, Carl Ayestas and others**.

On September 17, 2010, Alexander sought dates for the depositions of: (1) Mark Carter; (2) Jerry Armatis; (3) Carl Ayestas; (4) Bob Martin; (5) Marc Morial; (6) Arlinda Westbrook; (7) Kevin Pierre; (8) Karen Thurman; and (9) a CCMSI financial officer knowledgeable about two accounts. Rec. doc. 49 (Exhibit A). On September 28, 2010, Alexander sent CCMSI unsigned subpoenas for Thurman, Pierre, Martin, Armatis, and Ayestas. The subpoenas for Armatis and Ayestas sought

production of all personal and business credit card and cell phone records for 2005-2008. Rec. doc. 49 (Exhibit B). There is no evidence that the subpoenas were served.

On October 5, 2010, CCMSI, Armatis and Ayestas, filed a motion to quash all five subpoenas. CCMSI and the others were ordered to produce their credit card and cell phone records (both business and personal) for 2006 through 2008 and procedures for their depositions were established. Rec. doc. 57.

On November 1, 2010, CCMSI, Armatis, Ayestas, Pierre and Thurman sought reconsideration of the October 25, 2010 discovery order. Rec. doc. 60. On November 8, 2010, they filed for review of the October 25, 2010 discovery order. Rec. doc. 65.

## **MOTION FOR RECONSIDERATION**

In the motion to quash, CCMSI, Armatis and Ayestas raised four issues: (1) Alexander refused to engage in discovery; (2) if he did not participate in discovery, the movers should not be required to participate in discovery; (3) if their depositions were not quashed, then the depositions of CCMSI and its officers and employees should be taken at the office of its counsel; and (4) the records sought from Armatis and Ayestas were not relevant. Rec. doc. 49. Alexander argued that the credit card and cell phone records (both business and personal) were relevant. Rec. doc. 54.

The motion for reconsideration contends that the October 25, 2010 discovery order is too broad because: (1) the subpoenas to Pierre, Thurman and Martin did not seek the production of any records; and (2) there was no subpoena for CCMSI. The movers are correct. The subpoenas for Thurman, Pierre and Martin did not seek the production of any records. They only sought their appearance for depositions. Rec. doc. 49 (Exhibit B). There is no subpoena or Rule 30(b)(6) deposition notice for CCMSI. Rec. doc. 49 (Exhibit A).

**The motion for reconsideration is granted in part and the October 25, 2010 discovery order is modified so that CCMSI, Pierre, Thurman and Martin are not required to produce their credit card and cell phone records (both business and personal) for 2006 through 2008.**

The subpoenas to Armatis and Ayestas seek "[a]ll personal and business credit card records and statements, cell phone records, for the period 2005, 2006, 2007, 2008." Rec. doc. 49 (Exhibit B). The October 25, 2010 discovery order limited the production to the period for 2006-2008. Rec. doc. 57. The motion for reconsideration contends that Armatis and Ayestas are not parties. They were named as defendants in the petition filed in state court. Rec. doc. 1. They were not named as defendants in the superseding complaint. Rec. doc. 23. Although the Clerk continues to show them as parties, the superseding complaint controls their status for purposes of discovery. Alexander was required to proceed by means of Fed. R. Civ. P. 45 to secure records from them. By joining in CCMSI's motion to quash for the purpose of seeking a protective order as to the production of their records (Rec. doc. 49, n. 1), they waived any objection based on the failure to serve them with the subpoenas.

Armatis and Ayestas contend that: (1) as non-parties they have a right of privacy in their credit card and cell phone records; and (2) Alexander has not demonstrated that his need for the information outweighs their right of privacy. Alexander is not seeking income tax records or sensitive financial information provided to a bank to secure a loan. The credit card and cell phone records were to be produced subject to the confidentiality order. Any expectation of privacy concerning the records is not sufficient to prevent their production.

Armatis and Ayestas contend that the records are not relevant. The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

Fed R. Civ. P. 26 (b)(1).  "(T)he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments.  Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action.  Id.

The original petition included allegations that: (1) CCMSI defrauded the City through over-billing; (2) Alexander became aware of the fraud; (3) he was prepared to blow the whistle on the CCMSI's fraud when it fired him; and (4) he was entitled to relief as a whistleblower for CCMSI's illegal practices.  Rec. doc. 1 (Attachment at paras. 20-23).  The District Judge described the allegations in the original petition as follows:

> CCMSI contends that Plaintiff was terminated because it learned that Plaintiff had no private investigator's license and was the subject of a cease and desist order by the Louisiana State Board of Private Investigator Examiners.  CCMSI also asserts that the City, based on this information, directed the termination of Plaintiff's services.  Plaintiff, however, maintains that CCMSI already knew that he was unlicensed, and that he actually was unlawfully terminated because he had discovered, and then threatened to reveal, CCMSI's alleged fraudulent over billing of the City.

Rec. doc. 22 at 1-2.

There is no whistleblower claim in the superseding complaint.  Alexander alleges that: (1) he was employed by CCMSI from 2000 to 2009; (2) he was a licensed private investigator from 2000 to 2006; (3) in reliance on CCMSI's statements that he was exempt from the licensing requirement, he gave up the license; (4) in 2009, he was fired because he was not licensed; (5) while employed by CCMSI, he was not paid overtime and he routinely worked in excess of 80 hours per week; (6) CCMSI refuses to pay him $3,283.00 which it acknowledges is owed to him; (7) CCMSI retaliated by furnishing misleading information to the Louisiana Attorney General concerning his licensing and by terminating him after he demanded payment of wages; and (8) it failed to pay him

wages when due and upon termination of his employment.  Rec. doc. 23.  He also alleges that:  (1) he was the sole owner of Worldwide Detective Agency; and (2) CCMSI designated it as its partner to satisfy the City's minority ownership requirement.  The superseding complaint states that, "[n]o claim is made herein for breach of this third-party beneficiary arrangement, as that claim is chosen by Complainant for adjudication in state court."  Rec. doc. 23 at para. 18.

In response to the motion to quash, Alexander contended that the records sought from Armatis and Ayestas were relevant to the claims made in the instant action and the Worldwide Detective Agency action.   Rec. doc. 54 at 3-4.  In the latter action, the plaintiff alleges that: (1) Worldwide met the City's requirements for a disadvantaged business enterprise ("DBE"); (2) in the first five years of its contract with the City, CCMSI used Swanson's as its DBE partner; (3) in 2004, plaintiff agreed with Armatis that plaintiff would be one of two DBE's for CCMSI; (4) in 2010, Armatis terminated plaintiff; (5) since then plaintiff learned that the dollar value of its contract was substantially greater than represented; (6) plaintiff sustained losses as a result of these misrepresentations; and (7) Armatis falsified the DBE reports and decreased the amounts due plaintiff.  CA 10-1563 - Rec. doc. 1 (Attachment).

The Worldwide Detective Agency action and the FLSA action are not consolidated.  The issue of whether the credit card and cell phone records of Armatis and Ayestas are relevant to the claims and defenses of the parties will be determined by reference to the allegations in both actions. Based on the claims in both actions, the credit card and cell records (both business and personal) for 2006 through 2008 for Armatis and Ayestas are relevant and discoverable subject to the terms of the

confidentiality order.[2]

**The motion for reconsideration is denied as to the requirement in the October 25, 2010 order that Armatis and Ayestas produce their credit card and cell phone records (both business and personal) from 2006 through 2008.**

## MOTION FOR SANCTIONS

Alexander contends that the CCMSI and the others did not comply with the October 25, 2010 order, so the lawyers for CCMSI should be held in contempt. The motion for sanctions is denied. The motion for reconsideration raised significant issues concerning the October 25, 2010 order.

IT IS ORDERED that:

1. Alexander's motion for sanctions for not obeying a court order (Rec. doc. 59) is DENIED.

2. The motion of CCMSI, Jerry Armatis, Carl Ayestas, Kevin Pierre and Karen Thurman for reconsideration (Rec. doc. 60) is GRANTED in PART and DENIED in PART as provided herein.

3. CCMSI's motion for expedited hearing (Rec. doc. 73) is GRANTED, and its motion to strike reply memorandums (Rec. doc. 74) is DENIED.

4. **Within seven (7) working days of a request** by CCMSI for signed authorizations for production of the medical records or other records subject to the October 6, 2010 order (Rec.

---

[2] Alexander has not demonstrated that the credit card and cell phone records (business and personal) for Thurman, Pierre and Martin are relevant to the claims in the Worldwide Detective and FLSA actions.

Alexander filed reply memoranda in opposition to the motion for reconsideration and in support of the motion for sanctions. Rec. docs. 68 and 68. CCMSI seeks to strike the memoranda. Rec. doc. 74. The memoranda were not material to the decision on the motions. The motion to strike will be denied.

doc. 51), Alexander shall provide CCMSI with executed authorizations.

5. Armatis and Ayestas shall produce their credit card and cell phone records (both business and personal) for 2006 through 2008 **within fourteen (14) calendar days of the latest of the following: (a) entry of this order; (b) entry of an order denying defendant's motion for review (Rec. doc. 65); or (c) entry of an order denying a motion to review the instant order.**

6. All records shall be produced subject to the confidentiality order (Rec. doc. 56).

7. After Armatis and Ayestas produce their records, Alexander shall appear for the continuation and conclusion of his deposition at the office of counsel for CCMSI at a time that is agreeable to counsel for Alexander and CCMSI.

8. After the conclusion of Alexander's deposition, Armatis and Ayestas shall appear for their depositions at the office of counsel for Alexander.

9. The depositions of Martin, Pierre and Thurman will be taken after the conclusion of Alexander's deposition at the office of counsel for Alexander. If they will not appear voluntarily, Alexander shall subpoena them.

10. All depositions will be scheduled at times that are agreeable to counsel for Alexander and CCMSI.

New Orleans, Louisiana, this 18th day of November, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**