## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 09-4614 |
| CANNON COCHRAN MANAGEMENT SERVICES, INC., D/B/A CCMSI, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court are three motions filed by Defendant CCMSI. *See* Rec. Docs. 25, 31 and 32. The Court rules on these motions as stated herein.

**Motion No. 1 (Rec. Doc. 25)**

The first motion is Defendant's "Motion to Amend the Caption; Motion for Dismissal of Claims of Detrimental Reliance, Unjust Enrichment, and Whistleblower Protection with Prejudice; and Motion for Dismissal of the Individual Defendants with Prejudice" (Rec. Doc. 25). Defendant's motion concerns Plaintiff's April 9, 2010 "First Amended Complaint" (Rec. Doc. 23), which names only CCMSI as a defendant and asserts claims under only the Fair Labor Standards Act and the Louisiana Wage Payment Act.[1] No mention is made of the individual defendants or the Louisiana whistleblower, detrimental reliance, and unjust enrichment claims appearing in the state court petition (Rec. Doc. 1-1).

---

[1] The First Amended Complaint was filed in response to the Court's March 25, 2010 (Rec. Doc. 22) Order and Reasons.

Because Defendants did not consent to a dismissal without prejudice of Plaintiff's state law claims or the individual defendants, and because the unjust enrichment and detrimental reliance claims were not amended in accordance with the Court's March 25, 2010 Order and Reasons (Rec. Doc. 22), Defendant asks that the state law claims and the individual defendants be dismissed with prejudice from the lawsuit, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Having considered the parties' submissions, the record, and applicable law, including *McDaniel v. State Farm Fire & Cas.,* Civil Action No. 09-515, 2009 WL 3448122 (E.D. La. Oct. 22, 2009)(Engelhardt, J.) and *Lockwood v. State Farm Fire & Cas.,* Civil Action No. 09-431 (Rec. Doc. 24)(E.D. La. Oct. 20, 2009)(Duval, J.), the Court rules as follows:

(1) Because the two claims were not amended in accordance with the Court's March 25, 2010 Order and Reasons (Rec. Doc. 22), and Plaintiff does not oppose this aspect of Defendant's motion, **IT IS ORDERED** that Plaintiff's unjust enrichment and detrimental reliance claims are **DISMISSED WITH PREJUDICE** as to all originally named defendants, including the individual defendants, Armatis, Brechtel, and Ayestas.

(2) With respect to the state law whistleblower claims, asserted in the original petition pursuant to La. R.S. 23:967, as to all originally named defendants, including the individual defendants, Armatis, Brechtel, and Ayestas, and with respect to the FLSA and LWPA claims, as to only the three individual defendants, Plaintiff shall notify the Court within ten (10) days of entry of this Order and Reasons of his chosen option (or combination of options) from the following three options. Once notified, the Court will proceed accordingly.

Option 1: Plaintiff may amend and supplement the First Amended Complaint in accordance with the instructions set forth in the Court's March 25, 2010 Order and Reasons, pay Defendants' reasonable attorney's fees and costs associated with the filing of Defendant's motion (Rec. Doc. 25) directed to that claim(s), and proceed forward with litigation of the claim(s) in this action;

Option 2: Plaintiff may dismiss the claim(s) without prejudice upon payment of all of Defendants' presently incurred reasonable attorney's fees and costs associated with the defense of the claim(s), including those incurred with the filing of Defendant's motion and answers (Rec. Docs. 4, 24, and 25);

Option 3: Plaintiff may dismiss with prejudice the state law whistleblower claim, asserted in the original petition pursuant to La. R.S. 23:967, as to all originally named defendants, including the individual defendants, Armatis, Brechtel, and Ayestas, and/or dismiss with prejudice the FLSA and LWPA claims, as to only the three individual defendants.

**Motion No. 2 (Rec. Doc. 31)**

The second motion before the Court is Defendant's "Motion for Sanctions Against Plaintiff for Witness Tampering" (Rec. Doc. 31). The motion concerns a Missouri bar complaint filed against a person who Plaintiff apparently has identified in this action as a witness. At present, and on the showing made, **IT IS ORDERED** that the motion **DENIED WITHOUT PREJUDICE**. The Court strongly cautions all parties and counsel, however, that any conduct found to constitute witness tampering will not be tolerated and will be addressed appropriately. The Court additionally notes that this ruling is not determinative of any relief to which the identified witness may be entitled upon a proper showing.

**Motion No. 3 (Rec. Doc. 32)**

Finally, the <u>third</u> motion before the Court is Defendant's "Motion to Quash, Motion for Protective Order, and Motion for Attorneys' Fees by Cannon Cochran Management Services, Inc." (Rec. Doc. 32). The motion concerns Plaintiff's notice of the deposition of defense counsel, Mark Carver. On the showing made, **IT IS ORDERED** that the motion is **GRANTED** to the extent that it seeks to have the notice of deposition quashed and counsel of record protected from depositions unless the deposition is ordered by the Court upon good cause shown. At present, however, **IT IS ORDERED** that the request for attorney's fees is **DENIED**.

Generally, a party is not allowed to depose opposing counsel unless it is demonstrated to the Court that: (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. *See, e.g., United States v. Nguyen,* 197 F.3d 200, 208-09 (5th Cir. 1999)(citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.1986)); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, Civil Action No. 07-559; 2009 WL 2174925, *2 (E.D. Tex. July 21, 2009); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Blasio,* Civil Action No. 06-71, 2007 WL 2406983, *2 & n.2 (N. D. Miss. Aug 20, 2007); *F.T.C. v. U.S. Grant Resources, LLC*, Civil Action No. 04-596, 2004 WL 1444951, *3, 10 (E.D. La. Jun 25, 2004) (Knowles, M.J.). Article 508 of the Louisiana Code of Evidence provides similar protection. *See* La. Code Evid. art. 508 (setting forth limited circumstances under which a lawyer can be subpoenaed or ordered to testify following contradictory hearing); *Keybank Nat. Ass'n v. Perkins Rowe Assocs.*, Civil Action No. 09-497, 2010 WL 1252328, *3-4 (M.D. La. March 24, 2010) (Riedlinger, M.J.) (quashing deposition for lack of compliance with Article 508).

Applying these principles here, Plaintiff has not made the showing necessary to permit his deposing Mr. Carver. Even if relevant and not privileged, the Court presently is not satisfied that the information sought from Mr. Carver is crucial to the preparation of Plaintiff's case, and, moreover, as discussed in connection with Plaintiff's disqualification motion, that no other means exist to obtain the information. To the extent that Plaintiff seeks to obtain Mr. Carver's testimony in the future, he shall be required to satisfy such a showing before the assigned magistrate judge in the event that counsel cannot agree.

New Orleans, Louisiana, this 31st day of March 2011.

**Kurt D. Engelhardt**
**United States District Judge**