UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE ALEXANDER | CIVIL ACTION |
| VERSUS | NO. 09-4614 |
| CANNON COCHRAN MANAGEMENT SERVICES, INC., D/B/A CCMSI, ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. No. 89). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**, and Plaintiff's claims asserted under the Fair Labor Standards Act ("FLSA") and the Louisiana Wage Payment Act are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff has asserted claims against Defendant under the FLSA and the Louisiana Wage Payment Act. The issue raised by Defendant's motion is whether, during all relevant times, Plaintiff was Defendant's employee, rather than an independent contractor, for purposes of those statutes.

## LAW AND ANALYSIS

**I.     Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.

2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II.     **Application**

Although the parties disagree as to their proper application in this instance, there is no dispute as to the governing legal principles. As recently explained by the Fifth Circuit in *Thibault v. Bellsouth Telecommunications, Inc*., 612 F.3d 843, 845-46, 849 (5th Cir. 2010):

> [In determining whether a worker qualifies as an employee] a relevant question is whether the alleged employee so economically depends upon the business to which he renders his services, such that the individual, as a matter of economic reality, is not in business for himself. *Id.* The contractual designation of the worker as an independent contractor is not necessarily controlling. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 346 (5th Cir.2008). Instead, we generally use as a guide five, non-exclusive factors: (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer. *Id.* at 332-33. These factors are merely aids to analysis and no single factor is determinative. *Id.* at 332.
>
> * * *
>
> The determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented.

The Court has carefully reviewed all of the parties' submissions, the record, and applicable law. For essentially the reasons stated in Defendant's supporting and opposing memoranda (Rec. Docs. 89-1 and 98), the Court finds that Plaintiff has not satisfied his burden of demonstrating the existence of a genuine issue of material fact relative to his alleged status as Defendant's employee. As such, Plaintiff's claims at issue fail as a matter of law.

In opposing Defendant's motion, Plaintiff makes several arguments. None, however, justifies a denial of summary judgment in Defendant's favor. As an initial matter, the Court agrees

with Defendant that *Hopkins v. Cornerstone Am.*, 545 F.3d 338 (5th Cir. 2008), a case cited by Plaintiff, is, as it was in *Thibault*, distinguishable on its facts from the instant dispute.

Plaintiff also argues that certain of Defendant's exhibits are irrelevant because of the time period they address (2000-2005), and/or are otherwise not legally admissible as presented. For example, Plaintiff points to Defendant's attachment of unauthenticated copies of telephone book listings (white and yellow pages) for World Wide Detective Agency, Inc., for the years 2000-2005. As Defendant points out, however, Plaintiff's Amending and Superseding Complaint alleges that Plaintiff was Defendant's employee from 2000-2009.[1] Further, Plaintiff acknowledged at his deposition that World Wide was listed "in the Yellow Pages" during the time he alleges that he was employed by Defendant.[2] The Court understands that Plaintiff focuses on the years 2006 until 2009 because of his contentions relative to the surrender of his license during that period. On the showing made, however, it is not apparent to the Court how circumstances changed such that his employment status materially changed, as of 2006, such that certain evidence for the prior years is rendered completely irrelevant.

Further, even if Defendant has not adequately demonstrated the admissibility of each and every exhibit to its motion, much of the information and documentation on which the motion is premised was obtained from Plaintiff through deposition or document production. For example, Plaintiff testified, during his deposition, relative to the discretion he held regarding his investigations and hours, his ownership and provision of the equipment used for his investigations, his lack of participation in Defendant's health or retirement benefit programs, his non-employee tax

---

[1]  *See* Amending and Superseding Complaint (Rec. Doc. 23) at ¶¶ 6 and 18.

[2]  *See* Transcript of Plaintiff's Deposition (Rec. Doc. 89-4), at p.199.

status, and, significantly, the investigative work he did for persons other than Defendant, as well as his unrelated business ventures, between 2006 and 2009.[3]  He also explained how, if necessary, he would hire extra people to assist with investigations undertaken for Defendant.[4]  Similarly, if he were too busy with Defendant's assignments to work for another person, he would contract that work out to an independent contractor.[5]

In any event, Plaintiff, as the party bearing the burden of proof on this issue, has his own independent obligation to identify evidence in the record supportive of the elements of his claim. This he has not done. In fact, Plaintiff has not even attached his own affidavit or declaration (in accordance with 28 U.S.C. §1746) in support of alleged employee status.

Presumably recognizing this deficiency in his opposition, Plaintiff maintains that Defendant's motion should be denied as premature because he requires additional discovery. Significantly, however, much of the pertinent information is that which Plaintiff has (or should have) personal knowledge. Indeed, as stated, much of Defendant's submission rests heavily on information provided by Plaintiff. Plaintiff has not demonstrated, moreover, that he has requested and been denied pertinent discovery and, importantly, sought relief from the magistrate judge relative to that discovery.[6] Nor has he submitted an affidavit or declaration – since the Court previously granted a continuation of the motion's hearing date to allow Plaintiff the opportunity to obtain necessary

---

[3]  *See* Transcript of Plaintiff's Deposition (Rec. Doc. 89-4), passim.

[4]  *Id.* at p. 172.

[5]  *Id.*

[6]  The record reveals that Plaintiff's last discovery motion in this matter was filed in December 2010, and Magistrate Judge Shushan's last discovery ruling was in January 2011. *See* Rec. Docs. 83 and 92.

discovery (Rec. Docs. 90, 93 and 94) – setting forth specified reasons, pursuant to Rule 56(d), why he cannot present evidence of facts necessary to adequately support his opposition.

Finally, Plaintiff's opposition additionally argues that the Court's consideration of Defendant's motion is premature because of pending matters, including a motion seeking to disqualify defense counsel, a motion seeking to protect defense counsel from deposition, and a motion to consolidate. The Court denied Plaintiff's motion to disqualify, and granted Defendant's request for a protective order relative to its counsel being deposed, however, almost six months ago, on March 31, 2011. *See* Rec. Doc. 99. If Plaintiff thinks that the Court erred in those rulings, he should have taken appropriate action based on that belief, *e.g.,* by filing a motion for reconsideration, or making the showing necessary to justify deposing another party's counsel of record. He has not. And, with respect to the motion to consolidate, Plaintiff decided, at the end of May 2011, that he wanted to withdraw that motion. *See* Rec. Doc. 108. In any event, moreover, it is not apparent to the Court that any of these matters truly impact the issue of Plaintiff's employee status relative to Defendant for purposes of his claims under the FLSA and the Louisiana Wage Payment Act. Regardless of Defendant's knowledge (or lack thereof) relative to Plaintiff's licensing status, Plaintiff was either a employee or he was not.

Given the foregoing, the Court finds that Plaintiff has not borne his burden of demonstrating the existence of a genuine issue of material fact relative to his status as Defendant's employee. Accordingly, in the absence of a triable issue weighing in Plaintiff's favor, Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Defendant's motion for summary judgment (Rec. Doc. No. 89) is **GRANTED**. Accordingly, **IT IS ORDERED** that Plaintiff's claims asserted under the Fair Labor Standards Act and the Louisiana Wage Payment Act are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this <u>30th</u> day of September 2011.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE